UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| BERNICE WOLFORD, ) | |
| on behalf of Henry Wolford., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 08-176-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter pending for consideration of cross-motions for summary judgment filed by Bernice Wolford, on behalf of her minor son Henry Wolford, ("Wolford") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 13] Wolford contends that the administrative law judge's ("ALJ") failed to apply the correct legal standard and, therefore, his decision is not supported by substantial evidence and must be reversed. [Record No. 10] The Commissioner disputes both claims, and argues that the decision to deny disability should be affirmed. [Record No. 13]

For the reasons discussed below, the Court will grant the Commissioner's motion for summary judgment and deny Wolford's motion for summary judgment. Accordingly, the ALJ's decision will be affirmed.

## I.   Background

On April 4, 2006, an application for supplemental security income ("SSI") was filed on behalf of Wolford, a minor. His claim was denied initially and upon reconsideration. Thereafter, Wolford requested an administrative hearing before an ALJ. On August 21, 2007, a hearing was held before the Honorable Algernon Tinsley in Prestonsburg, Kentucky. During the hearing, the ALJ received testimony from Wolford, and his mother Bernice Wolford. [Tr., pp. 392–426] On December 6, 2007, the ALJ issued a decision finding that Wolford "has not been disabled as defined in the Social Security Act, since April 4, 2006, the date the application was filed." [Tr., p. 21]

At the time of the administrative hearing, Wolford was 14 years old and was not engaged in any substantial gainful activity due to his age. [Tr., p. 14] Wolford alleges disability based on combined impairments including severe sleep problems, asthma, obesity, headaches, and back and leg pain. [*Id.*] After reviewing the medical evidence of record and the testimony presented at the hearing, the ALJ found that Wolford's sleep problems and asthma constitute severe impairments. [*Id.*] However, the ALJ found that Wolford's additional impairments, including "pain in the back, legs and head, sleep apnea (resolved), obesity and status post tonsillectomy/adenoidectomy have been considered and found to be less than severe." [*Id.*] Based on these findings, the ALJ found that Wolford "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments," and that Wolford "does not have an impairment or combination of impairments that functionally equals the listings." [Tr., p. 15] Accordingly, the ALJ determined that "the claimant is not

disabled under Section 1614(a)(3)(C) of the Social Security Act" and denied SSI benefits. [Tr., p. 22]

In his motion for summary judgment, Wolford argues that the ALJ failed to apply the correct legal standard for evaluating a child claimant's obesity. Therefore, he asserts that the ALJ's decision is not supported by substantial evidence. [Record No. 10] In his cross-motion for summary judgment, the Commissioner argues that the ALJ applied the correct legal standard, and that the ALJ's decision is supported by substantial evidence in the record.

**II.     Standard of Review**

    **A.     Three Step Evaluation Process for a Minor's SSI Application**

The Welfare Reform Act of 1996 amended certain provisions of Title XVI of the Social Security Act relating to SSI applications made by minors. *Miller v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 146, 148 (6th Cir. 2002) (unpublished). The Act provides:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

To determine whether a minor claimant is disabled, the Social Security Administration has established a three-step sequential evaluation process. 20 C.F.R. § 416.924. First, the ALJ must decide whether the claimant is engaging in substantial gainful activity, meaning that the claimant is doing significant physical or mental activities for profit. 20 C.F.R. § 416.972. If the claimant is engaged in substantial gainful work activity, he is not disabled regardless of his

medical condition, age, education, or work experience. 20 C.F.R. § 416.924(b). Second, the ALJ must determine whether the claimant has a medically determinable severe impairment or combination of impairments that are severe. A medically determinable impairment(s) is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. If the claimant's medically determinable impairment(s) is not severe, then the claimant is not disabled. 20 C.F.R. § 416.924(c).

Finally, if the ALJ determines that the claimant has a medically determinable severe impairment, or a combination of impairments that are severe, the ALJ must determine whether the impairment(s) meets, medically equals, or functionally equals the severity of any of the listed impairments. 20 C.F.R. § 416.924(d). *See also* 20 C.F.R. § 416.925 (explanation of Listing of Impairments); 20 C.F.R. § 416.926 (explanation of "medical equivalence" of listed impairments); 20 C.F.R. § 416.926a (explanation of "functionally equals" a listed impairment). If the claimant is found to have an impairment(s) that meets, medically equals, or functionally equals a listed impairment, and it has lasted, or is expected to last, for a continuous period of at least 12 months, then the claimant will be found disabled. 20 C.F.R. § 416.924(d)(1).

### B. Determining "Functionally Equals"

In order to determine whether an impairment(s) functionally equals a listed impairment, the ALJ must assess the claimant's ability to function in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi). When evaluating the claimant's ability to function

in each domain, the ALJ compares the claimant's functional abilities to the functional abilities of other children of the same age who do not have the claimant's impairments. 20 C.F.R. § 416.926a(b)(2). To functionally equal a listed impairment, the claimant's impairment(s) must either: (1) result in "marked" limitations in two domains, or (2) result in an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d).

To determine whether the claimants impairment, or combination of impairments, results in "marked" or "extreme" limitations, the ALJ must consider the interactive and cumulative effects of the functional limitations from *all* of the claimant's impairments, includes those that are not severe. 20 C.F.R. § 416.926a(e)(1). A claimant has a "marked" limitation in a domain if his impairment(s) "interferes seriously" with his "ability to independently initiate, sustain, or complete activities." Such a limitation is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2). A claimant has an "extreme" limitation in a domain if his impairment(s) "interferes very seriously" with his "ability to independently initiate, sustain, or complete activities." An extreme rating is given to the worst limitation; however, "extreme limitation does not necessarily mean a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3).

### C. Substantial Evidence Requirement

As with an adult claimant, judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is

a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin,* 475 F.3d at 730; *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, if the Commissioner's findings are supported by substantial evidence in the record, then those findings are conclusive. 42 U.S.C. § 405(g)

### III. Analysis

The only claim Wolford raises in his motion for summary judgment is that the ALJ failed to apply the correct legal standard when evaluating his obesity, and thus, the decision is not

supported by substantial evidence.[1]  [Record No. 10, p. 4]  In support of his claim, Wolford argues that the ALJ did not follow Social Security Ruling ("SSR") 02-01p,[2] which he contends requires the ALJ to accept a diagnosis of obesity given by a treating source or consultive examiner provided that there is no evidence to the contrary in the record.  [*Id.*, p. 2]  Wolford argues that this error cannot be deemed harmless, because "[t]his failure likely resulted in the ALJ's finding that the child claimant's obesity was not a severe impairment which had likely consequences in the process of determining whether this child claimant was disabled."  [*Id.*, p. 4]

A SSR is binding upon the Social Security Administration.  20 C.F.R. § 402.35(b)(1)  It does not have the force of law, but since it is the agency's interpretation of its own regulations, a SSR "is entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulations."  *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004) (citations omitted).  Wolford is correct in that, in determining whether obesity should be identified as a medically determinable impairment,  SSR 02-01p provides:

> When establishing the existence of obesity, we will generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height.  Thus, in the absence of evidence to the contrary in the case record, we will accept a diagnosis of obesity given by a treating source or by a consultive examiner.

---

[1] The Court notes that both motions for summary judgment discuss the fact that the ALJ did not find Wolford's sleep apnea to be a severe impairment.  However, the Court will not address this issue because Wolford never actually alleges that this is an error.  Wolford's sole argument for why he is entitled to summary judgment is because the ALJ failed to apply to correct standard for evaluating his *obesity*.

[2] SSR 02-01p is available at, http://www.ssa.gov/OP_Home/rulings/di/01/SSR2002-01-di-01.html.

*Id.*, question 4. However, SSR 02-01p, also adds that for "children applying for disability under title XVI, we will find that obesity is a 'severe' impairment when it causes more than minimal functional limitations." *Id.*, question 6. If the Commissioner determines that a child claimant's obesity "causes no more than minimal functional limitations" than the child will be found to not be disabled. *Id.*

Neither party disputes that Wolford's physicians diagnosed him with obesity, and in the written decision, the ALJ identified obesity as one of Wolford's medically determinable impairments. Thus, it is clear that the ALJ accepted the physicians' diagnosis of obesity, as required by SSR 02-01p, since there was no evidence to the contrary in the record. However, after accepting that Wolford's obesity was a medically determinable impairment, the ALJ concluded that this impairment was "less than severe." [Tr., p. 14] The Commissioner argues that the ALJ's finding that Wolford's obesity was not a severe impairment is supported by substantial evidence. [Record No. 13, p. 5] The Court agrees and holds that the ALJ applied the correct legal standard and that the severity finding for Wolford's obesity impairment is supported by substantial evidence.

The diagnosis of a medical condition does not establish the severity of the condition for disability purposes. *Cf. Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of arthritis, of course, says nothing about the severity of the condition."). The ultimate decision as to the severity of an impairment is determined by the Commissioner, not a physician. 20 C.F.R. § 416.927(e)(2). As note above, an impairment is not severe if it is a slight abnormality,

or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. § 416.924(c).

After reviewing the testimony and medical record, the Court holds that the ALJ's finding that Wolford's obesity is not a severe impairment is based on substantial evidence. Upon review of the transcript of the administrative hearing, the Court notes that Bernice Wolford testified that her son falls down about once a week while walking around the house. [Tr., pp. 396–97] However, when asked about why she thought he kept falling, she said she did not know. She did not attribute this to a problem related to his obesity. [Tr., p. 398] In addition, she testified that he is only able to play for about 25 minutes, but explained that the reason for this is because of his asthma (an impairment that the ALJ *did* find to be severe). Notably, while she testifies about her son's litany of health issues, Bernice Wolford never mentions her son's obesity.

Similarly, Wolford testified about his dizziness, his inability to play more than 1 to 2 minutes without taking a 10 to 15 minute break, his sleeping problems (which the ALJ found to be severe), his need for hearing aids, his falling 2 to 3 times per week, and about the pains in his head, legs, and back. Never does she attribute any of these problems to his obesity. In addition, the Court notes that a number of medical reports do suggest that Wolford should loss weight. [Tr., pp. 102, 122, 133, 226, 363, 366] However, based on the lack of medical evidence indicating that his obesity imposes more than minimal limitations on him, the Court holds that Wolford has not met his burden to show that his obesity is severe within the meaning of the regulations. *Jones v. Comm'r Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (noting that a claimant bears the burden of proving the severity of a limitation).

In addition, even if the ALJ did err in not finding that Wolford's obesity was a severe impairment, this does not necessarily mean Wolford would be entitled to SSI benefits. As discussed above, once the ALJ finds that an impairment is severe, he must then determine whether the impairment meets, medically equals, or functionally equals one of the listed impairments. Although the Wolford lays out this standard in his motion for summary judgment, he does not attempt to show that if his obesity was in fact a severe impairment, then his impairments would functionally equal a listed impairment.

Finally, Wolford's claim that the ALJ improperly interpreted the raw medical data to concluded that his sleep apnea had been resolved is without merit. [Record No. 10, p. 3] Although it appears that the ALJ did incorrectly cite the medical record, this error is harmless. The Court notes that in February and August 2007, Dr. Mettu concluded that Wolford's obstructive sleep apnea had been resolved. [Tr., pp. 363, 370] In addition, his claim that the ALJ gave improper weight to the state agency medical consultant is also without merit. [Record No. 10, 3] Assuming, *arguendo*, that the weight given was improper, any such error is harmless. Even if the consulting physician's opinion were removed from the medical record, substantial evidence would still support the ALJ's determination.

In summary, there is substantial evidence to support the ALJ's finding that Wolford's obesity caused no more than minimal functional limitations. Thus, the Court must affirm the ALJ's decision. 42 U.S.C. § 405(g).

**IV.  Conclusion**

For the reasons discussed herein, it is **ORDERED** as follows:

(1)     Plaintiff Bernice Wolford's motion for summary judgment [Record No. 10], filed on behalf of Henry Wolford, is **DENIED**.

(2)     Defendant Commissioner Michael Astrue's motion for summary judgment [Record No. 13] is **GRANTED**.

(3)     The decision of Administrative Law Judge Algernon Tinsley is **AFFIRMED**.

This 5th day of February, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge